# EXHIBIT A

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back
Location : ------ All District Courts ------   Help

# REGISTER OF ACTIONS
## CASE NO. 16-09510-431

| | |
|---|---|
| Maurice Lugge V Allstate Fire And Casualty Insurance Company and Jack § <br> Bryant  § <br> § <br> § <br> § <br> § | Case Type: **Insurance** <br> Date Filed: **11/16/2016** <br> Location: **431st Judicial District Court** <br> Judicial Officer: **Bailey, Jonathan** <br> File Custody/Location: **District Clerk's Office** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Allstate Fire And Casualty Insurance Company** | David G. Allen <br> *Retained* <br> 901 Main St <br> Ste 6220 <br> Dallas, TX 75202 <br><br> 214-748-5000(W) <br> 214-748-1421(F) |
| **Defendant** | **Bryant, Jack** | David G. Allen <br> *Retained* <br> 901 Main St <br> Ste 6220 <br> Dallas, TX 75202 <br><br> 214-748-5000(W) <br> 214-748-1421(F) |
| **Plaintiff** | **Lugge, Maurice  Lugge, Maurice Neville** | Chad T. Wilson <br> *Retained* <br> 1322 Space Park Drive <br> Suite A155 <br> Houston, TX 77058 <br><br> 832-415-1432(W) <br> 281-940-2137(F) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 11/16/2016 | **Plaintiff's Original Petition** <br> , *Jury Demand, and Request for Disclosure* |
| 11/16/2016 | **Case Information Sheet** |
| 11/16/2016 | **Request for Issuance of** <br> *Citations by Certified Mail* <br> Made by:  Lugge, Maurice |
| 11/17/2016 | **Jury fee paid** <br> *(This entry only represents the payment of the jury fee - not a document filed with the clerk.)* |
| 11/17/2016 | **Citation By Certified Mail** |
| | Allstate Fire And Casualty Insurance Company         Unserved |
| | Bryant, Jack                                         Unserved |
| 12/14/2016 | **Defendant's Original Answer** |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | **Plaintiff Lugge, Maurice** <br> Total Financial Assessment <br> Total Payments and Credits <br> **Balance Due as of 12/15/2016** | | 436.00 <br> 436.00 <br> **0.00** |
| 11/17/2016 | Transaction Assessment | | 436.00 |
| 11/17/2016 | TexFile Payment          Receipt # 2016-30513 | Lugge, Maurice Neville | (436.00) |

FILED: 11/16/2016 6:56:35 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Shelley Mccutcheon, Deputy

CAUSE NO. 16-09510-431

| | | |
|---|---|---|
| MAURICE LUGGE, | § | IN THE JUDICIAL COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | |
| | § | DENTON COUNTY, TEXAS |
| ALLSTATE FIRE AND CASUALTY | § | |
| INSURANCE COMPANY | § | |
| and JACK BRYANT, | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Maurice Lugge, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of Allstate Fire and Casualty Insurance Company ("Allstate") and Jack Bryant ("Bryant") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, Maurice Lugge, resides in Denton County, Texas.

3.  Defendant, Allstate Fire and Casualty Insurance Company, is a Texas insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Allstate Fire and Casualty Insurance Company through its registered agent for service: **CT Corporation System 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**. Plaintiff requests service at this time.

4.   Defendant Jack Bryant is an individual resident of Aledo, Texas.  Bryant may be served with citation at the address listed with the Texas Department of Insurance:  **2740 Old Annetta Road, Aledo, Texas 76008**.  Plaintiff requests service at this time.

## JURISDICTION

5.   The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business activities in the state, including those in Denton County, Texas, with reference to this specific case.

6.   The Court has jurisdiction over Bryant because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Denton County, Texas, with reference to this specific case.

## VENUE

7.   Venue is proper in Denton County, Texas because the insured property is located in Denton County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Denton County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.   Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, violations of the Texas DTPA, negligence, and gross negligence.

9.   Plaintiff owns an Allstate Fire and Casualty Insurance Company homeowner's insurance policy, number  816032644 ("the Policy").  At all relevant times, Plaintiff owned the insured premises located at 320 Sweet Leaf Lane, Lake Dallas, Texas 75065-2275 ("the

2

Property").

10.   Allstate or its agent sold the Policy, insuring the Property, to Plaintiff. Allstate or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home. Allstate has refused the full extent of that coverage currently owed to Plaintiff.

11.   On or about April 1, 2016, the Property sustained extensive damage resulting from a severe storm that passed through the Lake Dallas, Texas area.

12.   In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to Allstate against the Policy for damage to the Property. Allstate assigned claim number 0431330157 to Plaintiff's claim.

13.   Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

14.   Damaged areas of the property include, but are not limited to the roof, vents, flashings, gutters, and downspouts.

15.   Allstate assigned or hired Bryant to adjust the claim.

   a.   Bryant had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Bryant. The valuation of damages that were included in Bryant's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of Bryant.

   b.   Furthermore, Bryant was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Bryant had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the

3

claim below the deductible.

    c.  Bryant made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

16.    Allstate, through its agents, namely Bryant, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17.    The initial adjustment of the claim occurred on or around October 10, 2016. Bryant found that there was $3,221.94 in damage from a covered peril to the roof of the property.

18.    After application of the policy deductible, Allstate issued payment in the amount of $899.73. This sum was insufficient to complete proper repairs on Plaintiff's home.

19.    After receiving this initial adjustment, Plaintiff demanded a second inspection of the Property. Allstate's second estimate was completed on November 9, 2016. After this second inspection, Allstate's position remained unchanged.

20.    To date, Plaintiff has received $899.73 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $41,056.91.

21.    As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Allstate failed to provide full coverage due under the Policy.

22.    As a result of Allstate's failure to provide full coverage, along with Allstate's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23.    Allstate failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Allstate refused to pay the full proceeds of the Policy, although due demand

was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24.     Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Allstate and Plaintiff.

25.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).  Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy.  Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

26.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).  Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

27.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).  Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy.  Specifically, Allstate, through its agents, servants, and representatives, namely Bryant, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

28.     Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary

5

information,

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

### CAUSES OF ACTION AGAINST DEFENDANT ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

31. All allegations above are incorporated herein.

32. Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

33. Allstate's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34. All allegations above are incorporated herein.

6

35. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36. Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38. Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39. Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40. Allstate's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

**NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

41. All allegations above are incorporated herein.

7

42.   Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

43.   Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44.   Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

45.   All allegations above are incorporated herein.

46.   Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.   Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Allstate knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**DTPA VIOLATIONS**

48.   All allegations above are incorporated herein.

49.   Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiff is a consumer of goods and services provided by Allstate pursuant to the DTPA.  Plaintiff has met all conditions

precedent to bringing this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Allstate represented to Plaintiff that the Policy and Allstate's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Allstate also represented to Plaintiff that the Policy and Allstate's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Furthermore, Allstate advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Allstate's

9

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Allstate's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.   Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages.   All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

51.   All allegations above are incorporated herein.

52.   Allstate is liable to Plaintiff for common law fraud.

53.   Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and Allstate knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54.   Allstate made the statements intending that Plaintiff act upon them.   Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT JACK BRYANT

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55.   All allegations above are incorporated herein.

56.     Bryant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim
        Settlement Practices Act. TEX. INS. CODE §541.060(a).

57.     Bryant is individually liable for his unfair and deceptive acts, irrespective of the fact that
        he was acting on behalf of Allstate, because Bryant is a "person," as defined by TEX. INS.
        CODE §541.002(2).

58.     Bryant knowingly underestimated the amount of damage to the Property. As such, Bryant
        failed to adopt and implement reasonable standards for the investigation of the claim
        arising under the Policy. TEX. INS. CODE §542.003(3).

59.     Furthermore, Bryant did not attempt in good faith to effect a fair, prompt, and equitable
        settlement of the claim. TEX. INS. CODE §542.003(4).

60.     Bryant's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable
        explanation of the basis in the Policy, in relation to the facts or applicable law, for partial
        denial of the claim, also constitutes an unfair method of competition and an unfair and
        deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

61.     Bryant's unfair settlement practice of failing to attempt in good faith to make a prompt,
        fair, and equitable settlement of the claim, even though liability under the Policy was
        reasonably clear, constitutes an unfair method of competition and a deceptive act or
        practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

                                    **DTPA VIOLATIONS**

62.     All allegations above are incorporated herein.

63.     Bryant's conduct constitutes multiple violations of the Texas Deceptive Trade Practices
        Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods
        and services provided by Bryant pursuant to the DTPA. Plaintiff has met all conditions

                                             11

precedent to bringing this cause of action against Bryant. Specifically, Bryant's violations of the DTPA include the following matters:

A. By this Defendant's acts, omissions, failures, and conduct, Bryant has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Bryant's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Bryant represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C. Bryant represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Bryant's actions are unconscionable in that Bryant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Bryant's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E. Bryant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64. Each of Bryant's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and

12

"intentionally" by Bryant, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

### FRAUD

65. All allegations above are incorporated herein.

66. Allstate assigned or hired Bryant to adjust the claim.

    a. Bryant had a vested interest in undervaluing the claims assigned to him by Allstate in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's public adjuster's is evidence of fraud on the part of Bryant. The valuation of damages that were included in Bryant's report compared to Plaintiff's public adjuster's is also evidence of fraud on the part of Bryant.

    b. Furthermore, Bryant was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Bryant had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c. Bryant made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

### NEGLIGENCE

67. All allegations above are incorporated herein.

68. Bryant was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a. Failure to conduct a reasonable inspection;

b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

c. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d. Failure to identify the cost of proper repairs to Plaintiff's Property; and

e. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

69. Bryant's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

70. At all relevant times, Bryant was an agent or employee of Defendant Allstate.

71. Bryant's unreasonable inspection was performed within the course and scope of his duties with Defendant Allstate. Therefore, Allstate is also liable for the negligence of Bryant through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

72. All allegations above are incorporated herein.

73. Bryant's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

a. Bryant's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

b. Bryant had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

14

74.     Bryant intentionally misrepresented the scope and amount of damages on the estimate
        prepared for Plaintiffs' Property on behalf of <insurance company>. His estimate was to
        such an extreme degree below what another licensed adjuster would have done in this
        situation (as evidenced by the Public Adjuster's estimate); it was also in complete disregard
        for the risk and harm Plaintiff would suffer if the actual damages to the Property were
        allowed to persist unrepaired.

## KNOWLEDGE

75.     Defendants made each of the acts described above, together and singularly, "knowingly,"
        as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's
        damages described herein.

## WAIVER AND ESTOPPEL

76.     Defendants waived and are estopped from asserting any coverage defenses, conditions,
        exclusions, or exceptions to coverage not contained in any reservation of rights letter to
        Plaintiff.

## DAMAGES

77.     Since the claim was made, Allstate has not properly compensated Plaintiff for all necessary
        repairs made, which are covered under the Policy.  This has caused undue hardship and
        burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of
        Plaintiff's claim in violation of the laws set forth above.

78.     Defendants made the above and other false representations to Plaintiff, either knowingly
        or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made
        these false misrepresentations with the intent that Plaintiff act in accordance with the
        misrepresentations.  Plaintiff then relied on these misrepresentations, including but not

15

limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

79.  Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

80.  For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

81.  The damage to Plaintiff's Property is currently estimated at $41,056.91.

82.  For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

84.  For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Allstate owed, and exemplary damages.

16

85.   Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86.   For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87.   For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88.   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest,

17

and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

89. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

90. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Denton County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Allstate Fire and Casualty Insurance Company and Jack Bryant, be cited and served to appear, and that upon trial hereof, Plaintiff, Maurice Lugge, has and recovers from Defendants, Allstate Fire and Casualty Insurance Company and Jack Bryant, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiff, Maurice Lugge, may show Plaintiff is justly entitled.

[SIGNATURE PAGE TO FOLLOW]

18

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Christian E. Hawkins
Bar No. 24092499
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
chawkins@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF

## CITATION BY CERTIFIED MAIL

THE STATE OF TEXAS                                      COUNTY OF DENTON

### CAUSE NO. 16-09510-431

**TO: Allstate Fire And Casualty Insurance Company, by serving  CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX  75201-3136 (or wherever he/she may be found)**

Notice to defendant: You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the first Monday following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  The nature of the suit is fully shown by a true and correct copy of the Plaintiff's Original Petition, Jury Demand, and Request for Disclosure accompanying this citation and made a part hereof.

| | |
|---|---|
| Court: | 431st Judicial District Court<br>1450 E, McKinney, 2nd Floor, Denton, TX 76209 |
| Cause No.: | 16-09510-431 |
| Date of Filing: | 11/16/2016 |
| Document: | Plaintiff's Original Petition, Jury Demand, and Request for Disclosure |
| Parties in Suit: | Maurice Neville Lugge; Allstate Fire And Casualty Insurance Company; Jack Bryant |
| Clerk: | Sherri Adelstein, District Clerk<br>1450 E. McKinney, Suite 1200, Denton, TX 76209 |
| Party or Party's Attorney: | Chad T. Wilson<br>1322 Space Park Drive, Suite A155<br>Houston, Texas 77058 |

Issued under my hand and seal of this said court on this the 17th day of November, 2016

Sherri Adelstein, District Clerk
Denton, Denton County, Texas

_____, Deputy
Cameron Welter

CERTIFIED MAIL

U.S. POSTAGE PITNEY BOWES

ZIP 76209   $ 005.43
02 1W
0001393160 NOV 18 2016

SHERRI ADELSTEIN
DENTON COUNTY DISTRICT CLERK
PO BOX 2146
DENTON, TX 76202-2146



9214 8901 0661 5400 0098 5671 08

**RETURN RECEIPT (ELECTRONIC)**

16-09510-431

CT CORPORATION SYSTEM
ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY
1999 BRYAN ST STE 900
DALLAS, TX 75201-3140

........................................... CUT / FOLD HERE ...........................................

........................................... 6"x9" ENVELOPE
CUT / FOLD HERE ...........................................

........................................... CUT / FOLD HERE ...........................................

IMpbCertified8x5Label v2016.09.29.91

FILED: 12/14/2016 5:14:50 PM
SHERRI ADELSTEIN
Denton County District Clerk
By: Jennifer Stout, Deputy

## CAUSE NO. 16-09510-431

| | | |
|---|---|---|
| **MAURICE LUGGE,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **431ST JUDICIAL DISTRICT** |
| | § | |
| **ALLSTATE VEHICLE AND PROPERTY** | § | |
| **INSURANCE COMPANY** | § | |
| **and JACK BRYANT,** | § | |
| | § | |
| **Defendants.** | § | **DENTON COUNTY, TEXAS** |

## DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Allstate Vehicle and Property Insurance Company and Jack Bryant ("Defendants"), in the above-entitled and numbered cause, and file this Original Answer to Plaintiff's Original Petition, and in support thereof would respectfully show the Court as follows:

### I.

### GENERAL DENIAL

Defendants deny all and singular, each and every allegation contained in Plaintiff's Original Petition, and say that the same are not true in whole or in part, and Defendants demand strict proof thereof by a preponderance of the evidence.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendants Allstate Vehicle and Property Insurance Company and Jack Bryant pray that the Plaintiff take nothing against these Defendants, that these Defendants be awarded costs, and for such other and further relief, both at

**DEFENDANTS' ORIGINAL ANSWER**                                              **Page 1**

law and in equity, special and general, to which Defendants Allstate Vehicle and Property Insurance Company and Jack Bryant are justly entitled to receive.

Respectfully submitted,

**STACY & CONDER, LLP**

By: _____
David G. Allen
State Bar No. 00786972
allen@stacyconder.com
Danah L. Woods
State Bar No.: 24045259
woods@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000 (Telephone)
(214) 748-1421 (FAX)

**ATTORNEYS FOR DEFENDANTS
ALLSTATE VEHICLE AND PROPERTY
INSURANCE COMPANY AND
JACK BRYANT**

## CERTIFICATE OF SERVICE

I certify that a copy of this document was served this ___ day of December, 2016 upon all counsel of record pursuant to the Texas Rules of Civil Procedure.

_____
David G. Allen

CJW/PLDG/578215.1/000003.16985

**DEFENDANTS' ORIGINAL ANSWER**                                    **Page 2**